IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATE LINDELL,

                              Plaintiff,

    v.

KEVIN CARR, SARAH COOPER,                      OPINION and ORDER
DOUGLAS PERCY, BENJAMIN VIRES,
LARRY FUCHS, WAYNE OLSON, RYAN BLOUNT,        24-cv-287-wmc
KEVIN PITZEN, ERIC PETERS, PAMANDING
SANNEH, KYLE ZENK,
AUSTIN SCHLACHTER, BRANDON BORTZ,
and SIERRA MARKLAND,

                              Defendants.

---

NATE LINDELL,

                              Plaintiff,                      OPINION and ORDER

    v.
                                                                            23-cv-811-wmc
PETER MORENO, JENNIFER FANDEL,
MICHAEL GLASS, NATHAN KENNEDY,
and ANTHONY CHURCHILL,

                              Defendants.

---

      Plaintiff Nate Lindell, who is representing himself while incarcerated at Stanley Correctional Institution, has filed two separate lawsuits in this court, Case Nos. 24-cv-287 and 23-cv-811, in which he raises concerns with my ability to remain impartial, based on a disagreement he allegedly had with me in 2006, when I was in private practice and supervising his appeal in a civil lawsuit against prison officials at Waupun Correctional Institution. (*See* Case No. 24-cv-287, dkt. ##3 and 4; Case No. 23-cv-811, dkt. #23.)  I have considered

plaintiff's concerns and find no good grounds for recusal, however, plaintiff's motions will be granted for the reasons explained below.

OPINION

Plaintiff has raised concerns with my ability to remain impartial based on my involvement in his appeal from Judge Barbara Crabb's grant of summary judgment in favor of the Department of Corrections defendants in *Lindell v. Houser*, 442 F.3d 1033, 1033 (7th Cir. 2006), while I was still in private practice at Foley & Lardner in Madison, Wisconsin. Specifically, plaintiff alleges that I was appointed to represent him on appeal and supervised Attorney Hannah Renfro-Sargent, who was his attorney of record. According to plaintiff, I personally insisted in particular that he drop his Due Process claim regarding prison officials' decision to transfer him to a supermax prison because it did not pose an atypical and significant hardship. Plaintiff further represents that following a serious disagreement ,during which he implied that I was incompetent, he told me that he no longer wanted me to represent him. He also faults me and Renfro-Sargent for not telling him that the United States Supreme Court had declared in *Wilkinson v. Austin*, 545 U.S. 209 (2005), that prisoners have a liberty interest in not being transferred to supermax prisons. Finally, plaintiff takes offense to my comment in the order screening his complaint in Case No. 23-cv-811 (dkt. #10) that "no good deed goes unpunished" in reference to plaintiff bringing a lawsuit against defendants who had allowed him to enroll in college classes. (*Id*. at 1.)

A judge is required to disqualify himself in any proceeding in which his impartiality "might reasonably be questioned," and when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994)

2

("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."); *United States v. Walsh*, 47 F.4th 491, 499 (7th Cir. 2022) ("Even when there is insufficient evidence of actual bias, recusal may still be required by § 455(a), which aims 'to avoid even the appearance of partiality.'").  However, it is well established that past employment relationships do not require recusal when, as in this case, an extended period of time has passed, and those relationships did not give the judge any inside knowledge about the current case. *E.g., In re Draper v. Reynolds*, 369 F.3d 1270, 1281 (11th Cir. 2004) (judge's impartiality could not be reasonably questioned based on affiliation with law firm 15 years prior to lawsuit); *United States v. Walton*, 56 F.3d 551 (4th Cir. 1995) (fact that sentencing judge was senior partner at law firm that represented defendant 20 years prior was too attenuated to require judge's recusal); *Smith v. City of Chicago*, No. 21-cv-1159, 2024 WL 2722620, at *17 (N.D. Ill. May 28, 2024) (summarizing cases) ("Numerous other courts have [] recognized that the passage of an extended period of time is relevant to the inquiry of whether a reasonable person would question a judge's impartiality.").

      Here, there is no substantive basis to question my impartiality because plaintiff's current cases in this court involve completely different parties and events than those in his 2006 appeal.  Moreover, I do not have any recent or current relationship with plaintiff or with any of the defendants; nor do I possess any inside knowledge about the cases now before me. While I also have no *current* recollection of the specific representation to which plaintiff refers (having regularly supervised many associates handling appeals and trial court cases on a *pro bono* basis while a senior associate and then a partner at Foley & Lardner), the fact that plaintiff

3

and I may have had a disagreement on the merits of one of his claims on appeal some 19 years ago, even if it led him to ask me to withdraw from representing him, does not display a deep-seated antagonism toward plaintiff, much less calls into question my ability to render a fair judgment in his pending cases. In addition, no reasonable person should question my bias based on a comment I made when screening one of plaintiff's current lawsuits, particularly because I allowed all of his key claims to proceed.

Nevertheless, at the risk of encouraging frivolous recusal requests, I will take plaintiff at his word that *he* believes some risk of bias exists, and will recuse myself from further participation in his cases.

ORDER

IT IS ORDERED that plaintiff Nate Lindell's motions for recusal in Case No. 24-cv-287 (dkt. ##3 and 4) and Case No. 23-cv-811 (dkt. #23) are GRANTED, and these cases should be referred to Judge Peterson absent the parties' consent to the jurisdiction of Magistrate Judge Anita Boor.

Entered this 27th day of February, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge