IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATE LINDELL,

                    Plaintiff,

    v.                                                    OPINION and ORDER

PETER MORENO, JENNIFER FANDEL,                            23-cv-811-jdp[1]
MICHAEL GLASS, NATHAN KENNEDY,
and ANTHONY CHURCHILL,

                    Defendants.

---

Plaintiff Nate Lindell, a state of Wisconsin prisoner proceeding without counsel, alleges that Department of Corrections and University of Wisconsin employees retaliated against him for complaining about harassment in an educational program run by Milwaukee Area Technical College (MATC) in which he was participating. The court granted Lindell leave to proceed on claims under the First Amendment to the United States Constitution. Dkt. 10 and Dkt. 18.

The corrections defendants move for partial summary judgment on the ground that Lindell failed to exhaust his administrative remedies for some of his claims. Dkt. 25. Lindell counters with a motion to sanction counsel for filing a frivolous summary judgment motion. Dkt. 35. For the reasons stated below, I will deny defendants' summary judgment motion in all but one respect, and I will deny Lindell's motion for sanctions.

---

[1] This case has been transferred to me following Judge Conley's recusal. *See* Dkt. 29.

ANALYSIS

**A. Motion for summary judgment**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

The corrections defendants move for summary judgment on the following claims, stating that Lindell failed to exhaust grievances about them:

- Defendants Kennedy and Churchill retaliated against Lindell by falsely reported that writing instructor Fandel wanted a restraining order against him.[2]

- Defendants Churchill and Kennedy retaliated against Lindell by telling MATC staff to ignore any grievances or complaints raised by him.

---

[2] The court also granted Lindell leave to proceed on this claim against defendant Michael Glass, but defendants do not move for summary judgment regarding Glass.

The parties both focus on three grievances filed by Lindell pertaining to his removal from educational programming. The corrections defendants argue that "while these inmate complaints generally complained of Lindell's removal from the [educational] program, they did not complain of the [specific] acts of retaliation identified in the screening order." Dkt. 26, at 2.

In the absence of particular grievance rule mandating more, inmates usually do not have to plead legal theories in their grievances. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). But a prisoner must still "provide[] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). I have concluded that "'[i]f the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that provoked the retaliation and the retaliatory act.'" *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (quoting *Sheahan v. Suliene*, No. 12-cv-433-bbc, at *3–4 (W.D. Wis. May 24, 2013)). So the question is whether any of Lindell's grievances meet this standard.

I'll start with Lindell's claim that corrections defendants Kennedy and Churchill falsely reported that writing instructor Fandel wanted a restraining order against him. Lindell filed a grievance numbered CCI-2023-11868, titled, "DW Glass, et al, retaliatorily barring me from being in the School building" Dkt. 27-4, at 9.[3] Lindell stated, "[A]s a result of me asking that

---

[3] This grievance was rejected as moot rather than routed through the complete grievance review process. That doesn't automatically mean that I must reject this grievance as unexhausted. *See Lindell v. Greff*, No. 19-C-827, 2021 WL 718237, at *3 (E.D. Wis. Feb. 24, 2021) (grievance rejected as moot rather than for failure to follow procedural rules supported denial of exhaustion-based summary judgment motion). And the corrections defendants don't contend that their motion should be granted because Lindell failed to properly exhaust this grievance.

[staff] misconduct be investigated and addressed, that DW Glass and others have decided to harass me by prohibiting me from being in the School building." *Id.* Lindell refers to additional documents attached to the grievance, "Interview/Information Request" forms fleshing out the details the issue Lindell grieved. I may consider those attached documents as part of Lindell's grievance. *See, e.g., Lindell v. Greff*, No. 19-C-827, 2021 WL 718237, at *3 (E.D. Wis. Feb. 24, 2021). In an attachment, Lindell discusses being shut out of the school building on days that Fandel was there:

> No hearing nor notice nor anything was ever provided to me stating exactly why I was being separated from Ms. Fandel. I went along with it [because] I believed Ed. Staff's claims that Ms. Fandel requested the separation. However . . . I saw Ms. Fandel . . . and she said that she had no such concerns. Apparently I've been lied to. This libel was in response to my complaint.

*Id.* at 10. This statement sufficed to put prison staff on notice of the nature of Lindell's retaliation claim about false reports that Fandel wanted to be separated from Lindell.

I take the corrections defendants to be arguing in part that Lindell didn't put staff on notice that *Kennedy or Churchill* violated his rights. The PLRA's exhaustion requirement does not require an inmate complaint to name all defendants against who he is attempting to bring a claim. *Jones v. Bock*, 549 U.S. 199, 218–19 (2007). But a grievance must contain enough information about who caused the problem so that a prison can properly "investigate and resolve grievances." *Jackson v. Esser*, 105 F.4th 948, 960 (7th Cir. 2024). In his Interview/Information Request forms, Lindell does name Churchill as a staff member involved in keeping him out of the school building, and he otherwise states that "education staff" (which included Kennedy as the director) lied to him about Fandel wanting to be kept separate. That suffices to exhaust this retaliation claim against Churchill and Kennedy.

4

As for Lindell's claim that Churchill and Kennedy retaliated against him by telling MATC staff to ignore any grievances or complaints raised by him, Lindell filed grievance number CCI-2023-10937, titled "Kennedy Colluding with Odyssey Beyond Bars Director and Others to Deter Me from Petitioning for Redress." Dkt. 27-3, at 8.[4] In that grievance, Lindell stated, "If you review . . . emails [from around the time of Lindell's removal from the program] to/from Mr. Kennedy and the [educational program] director (Moreno), you will see that Kennedy joined with Moreno in an effort at discouraging me from complaining about their failure to adhere to their own ethical guidelines . . . ." *Id.* Lindell also attached an Interview/Information Request form stating in part the following:

> While Mr. Kennedy no longer works here, you should know that . . . he colluded with Peter Moreno of the [educational] program to retaliate against & deter me from complaining about [program] staff tolerating another PIYC's harassing conduct & failing to adhere to UW's ethical codes. . . . Also see kennedy's early email to MATC staff, in which he notes my "threat" to sue [the program], violating confidentiality & poisoning me to MATC.

*Id.* at 11.

I conclude that Lindell's grievance and attached form suffice to exhaust this claim against defendant Kennedy because they mentioned Lindell's' protected activity (complaining problems with and his removal from the educational program), and alleged collusion between Kennedy and MATC staff to discourage him from complaining. This (and Lindell's other grievances) do not exhaust this claim against Churchill because they don't suggest that

---

[4] This grievance was rejected as being previously addressed by another of Lindell's grievances regarding his removal from the educational program, rather than routed through the complete grievance review process. But as with the '11868 grievance, the corrections defendants do not contend that their motion should be granted because Lindell failed to properly exhaust this grievance. And in any event, I conclude that the rejection of this grievance was incorrect under DOC rules because Lindell explicitly discussed events postdating his removal.

Churchill was responsible for this particular problem. The '10937 grievance does mention Churchill but only in regard to the allegation that Fandel wanted to be kept away from him. So I will grant the corrections defendants' motion as it pertains to this claim against Churchill.

**B.  Motion for sanctions**

Lindell moves to sanction defendants' attorney for filing what he calls a frivolous motion for summary judgment. Dkt. 35. I will deny his motion for sanctions because defendants' summary judgment motion is not frivolous. Even though Lindell is prevailing on most of that motion, defendants provided colorable arguments supporting their position. One side must win or lose each contested issue; that doesn't mean that the losing party is subject to sanctions.

ORDER

IT IS ORDERED that:

1.  The corrections defendants' motion for partial summary judgment, Dkt. 25, is GRANTED in part as discussed in the opinion above.

2.  Plaintiff's motion for sanctions, Dkt. 35, is DENIED.

Entered September 4, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

6