IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATE LINDELL,

                Plaintiff,

v.

PETER MORENO, JENNIFER FANDEL,
MICHAEL GLASS, NATHAN KENNEDY,
and ANTHONY CHURCHILL,

                Defendants.

ORDER

23-cv-811-jdp

---

    Plaintiff Nate Lindell, a state of Wisconsin prisoner proceeding without counsel, alleges that Department of Corrections and University of Wisconsin employees retaliated against him for complaining about harassment in an educational program run by Milwaukee Area Technical College (MATC) in which he was participating. The court granted Lindell leave to proceed on claims under the First Amendment to the United States Constitution. Dkt. 10 and Dkt. 18.

    Both the corrections defendants and the UW defendants move for summary judgment. Dkt. 43 and Dkt. 51. I previously granted Lindell an extension of the deadline to respond to the UW defendants' motion, Dkt. 54, and I later denied Lindell's motion to extend his response deadline further based on allegations of obstruction with his law library time, Dkt. 62.

    Rather than respond with his summary judgment opposition materials by his November 3 deadline, Lindell again asks for an extension of time, citing deadlines that he also faces in several other cases that he is litigating in this court and state court. Dkt. 63; Dkt. 65; Dkt. 72. He also moves for the court's assistance in recruiting him counsel, Dkt. 66, and to compel discovery from both sets of defendants, Dkt. 69.

Because the court prefers to resolve cases on fully briefed motions, I will grant Lindell a short extension of his summary judgment response deadline, but I intend for that to be the last extension that he receives. Lindell's workload in federal and state court is the result of his own choice to file a large number of lawsuits over a short period of time, and he has known about the deadlines in this case since the court's December 11, 2024 preliminary pretrial conference.

I will deny Lindell's motion for recruitment of counsel because he has not shown that this case is too complex for him. His workload in other cases is not a reason to recruit him counsel in this one, and he is a seasoned pro se litigator (he has filed more than 20 civil lawsuits in this court alone over the past 25 years).

I will set briefing on Lindell's motion to compel discovery. But Lindell's motion comes far too late to affect the summary judgment briefing schedule. Lindell must respond to defendants' motions for summary judgment with the materials that he has already obtained.

Because Lindell states that there have been significant delays in him receiving mail, I will direct counsel for the corrections defendants to send prison officials an electronic copy of this order for immediate distribution to Lindell.

ORDER

IT IS ORDERED that:

1. Plaintiff's motions for an extension of time, Dkt. 63; Dkt. 65; Dkt. 72, are GRANTED. Plaintiff's new summary judgment response deadline is November 24, 2025. Defendants' new reply deadline is December 9, 2025.

2. Plaintiff's motion for recruitment of counsel, Dkt. 66, is DENIED without prejudice.

3. Defendants may have until November 19, 2025, to respond to plaintiff's motion to compel discovery, Dkt. 69. Plaintiff may have until seven days after he receives the responses to file his reply.

4. Counsel for the corrections defendants are directed to send prison officials an electronic copy of this order for immediate distribution to plaintiff.

Entered November 12, 2025.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  JAMES D. PETERSON
                                  District Judge