IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATE LINDELL,

                Plaintiff,

  v.

PETER MORENO, JENNIFER FANDEL,
MICHAEL GLASS, NATHAN KENNEDY,
and ANTHONY CHURCHILL,

                Defendants.

ORDER

23-cv-811-jdp

---

    Plaintiff Nate Lindell, a state of Wisconsin prisoner proceeding without counsel, brings First Amendment claims against Department of Corrections and University of Wisconsin employees whom he alleges retaliated against him for complaining about harassment in an educational program in which he was participating. Both the corrections defendants and the UW defendants move for summary judgment. Dkt. 43 and Dkt. 51. I have twice granted Lindell extensions of his time to respond. Dkt. 54 and Dkt. 73. In my latest order I stated that I intended for Lindell to receive no further extensions of this deadline. Dkt. 73, at 2.

    Lindell now seeks another extension of that deadline. Dkt. 79. Alternatively he renews his motion for recruitment of counsel. Dkt. 78. Lindell states that he suffers from post-traumatic stress disorder that was exacerbated by reviewing the discovery in this case and that he will need at least 24 days to obtain the 20 hours of law library time that he estimates he will need to complete his summary judgment responses.

    The biggest problem with Lindell's request is that there simply isn't much time left in the schedule to accommodate an extension. This case has a March 2, 2026 trial date, with the parties' motions in limine and other pretrial materials due January 21, 2026. The court needs

time to assess the parties' summary judgment materials and issue a ruling. An extension of more than three weeks would likely force the court to strike the entire schedule, including the trial date.

Lindell's submissions do not suggest that there is good cause for taking such drastic action. Lindell states that he is impaired by his PTSD, but his voluminous filings over the last few months, even his most recent ones filed after his flare-up of PTSD, are well prepared and argued; they do not suggest that he is unable to prepare summary judgment responses. As I stated in my precious order, Lindell is a seasoned pro se litigator who should be able to prepare his responses. And he doesn't explain why he needs so much law library time to complete his materials. For instance, it is not required that he use a word processor to prepare his filings; he may handwrite them instead, which is how most unrepresented prisoner plaintiffs prepare their materials in this court. Lindell again states that he is currently litigating other cases in state court, but his workload in federal and state court is the result of his own choice to file a large number of lawsuits over a short period of time, and he has known about the deadlines in this case since the court's December 11, 2024 preliminary pretrial conference.

Because the court prefers to resolve cases on fully briefed motions, I will grant Lindell a final extension of his summary judgment response deadline, set forth in the order below. If Lindell fails to submit his materials, I will consider defendants' summary judgment motions without the benefit of his response.

For the same reasons I will deny Lindell's renewed motion for recruitment of counsel.

Because Lindell states that there have been significant delays in him receiving mail, I will direct counsel for the corrections defendants to send prison officials an electronic copy of this order for immediate distribution to Lindell.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for extension of time, Dkt. 79, is GRANTED. Plaintiff's new summary judgment response deadline is December 11, 2025. Defendants' new reply deadline is December 22, 2025.

2. Plaintiff's motion for recruitment of counsel, Dkt. 78, is DENIED without prejudice.

3. Counsel for the corrections defendants are directed to send prison officials an electronic copy of this order for immediate distribution to plaintiff.

Entered December 3, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge