IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATE A. LINDELL,

                            Plaintiff,

    v.                                                    OPINION and ORDER

PETER MORENO, *et al.*,                                 23-cv-811-jdp

                            Defendants.

---

Plaintiff Nate A. Lindell is a state prisoner representing himself. He is proceeding against Department of Corrections (DOC) and University of Wisconsin (UW) employees on First Amendment retaliation claims based on their alleged unlawful interference with his participation in prison education programs. Dkt. 10 at 8. The DOC defendants and the UW defendants are all represented by the Wisconsin Department of Justice, but by different assistant attorneys general. After the DOC and UW defendants filed their respective motions for summary judgment, Dkt. 43 & 51, plaintiff filed a motion to compel supplemental responses to certain requests for documents, Dkt. 69. He also requests sanctions for defendants' "baseless objections." Dkt. 96 at 7. For the following reasons, the motion to compel is GRANTED in part, but the court will not impose sanctions.

LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

ANALYSIS

### A. Motion to compel, Dkt. 69

Plaintiff mailed his first set of discovery requests to defendants on January 22, 2025. Dkt. 71-1 & Dkt. 71-2. Relevant here, plaintiff sought production of DOC employee investigation reports and notices of potential work rule violations, and documents from any resulting internal investigations, as well as video footage, defendants' social media and blog information and contents, and documents defendants reviewed to prepare their responses. Plaintiff argues that his requests are narrowly tailored, that defendants' objections are baseless, and that these materials generally are relevant and proportional, central to motive and pretext, not privileged, and subject to disclosure under Seventh Circuit precedent on retaliation.

The UW defendants responded to plaintiff's interrogatories and requests for admissions on March 2, 2025, and to his document production requests on March 11, 2025. Dkt. 71-5, Dkt. 71-6, Dkt. 71-7, & Dkt. 9. Lindell states that the DOC defendants never responded.

The DOC defendants describe plaintiff's motion as his "latest attempt to stall the litigation." Dkt. 75 at 1. In support, they state that they have no record of receiving the discovery at issue until October 27, 2025. *See* Dkt. 71-3 (stating that discovery was being resent to defense counsel). So, plaintiff waited over ten months from the time he says he first mailed the discovery requests to the state defendants to pursue the missing discovery. And they maintain that he did not raise the issue in any previous filings that referenced discovery issues or alleged defendant misconduct. The state defendants also report that plaintiff filed his

2

motion to compel before their 30-day response window had closed and without a good faith effort to meet and confer.

The UW defendants raise a similar concern, noting that they did not hear anything from plaintiff after they produced over 1,000 pages of documents in March 2025 until they received a meet-and-confer letter about six months later dated October 23, 2025. Dkt. 71-10. Plaintiff filed his motion to compel about two weeks later, on November 5, 2025.

The UW defendants object on two additional grounds. For one, they object to producing their social media posts as irrelevant, and state in their response brief that they have not posted on social media about plaintiff's claims. Dkt. 76 at 4. For another, they object to producing requested records in the custody and control of the state defendants, such as video footage and investigation files related to criminal conduct and work rule violations by DOC employees. They argue that, as employees of a separate entity, they are under no obligation to obtain records from the state defendants just because both groups of defendants are represented by different assistant attorney generals with the Wisconsin Department of Justice.

The court will not require defendants to produce any additional discovery at this time, with one exception discussed below. Plaintiff has not fulfilled the meet and confer requirement. He filed his motion to compel without allowing either group of defendants an adequate opportunity to respond to his discovery requests and concerns. Federal Rule of Civil Procedure 37(a)(1) requires the moving party to certify that the party has made a good faith attempt to meet and confer with the opposing party or parties before seeking court intervention. Plaintiff waited several months before deciding to litigate the discovery requests at issue, and then filed his motion to compel just shy of two weeks after mailing his request to meet and confer to the UW defendants and his discovery requests to the state defendants. *See* Dkt. 69, Dkt. 71-3 &

3

Dkt. 71-10. That is not enough time for defense counsel to receive, review, and respond to plaintiff's discovery concerns and requests, particularly in light of the delay between the initial responses and plaintiff's objections.

And it appears that at least some of plaintiff's document production requests are for the DOC defendants to review, such as requests for DOC employee investigation reports and notices of potential work rule violations. Plaintiff does not point to anything in the record to indicate that the UW defendants would have custody and control of DOC documents. Nor does the record suggest that the DOC defendants received these document production requests before October 27, 2025. They would have had until November 26, 2025 to respond, or three weeks after plaintiff filed his motion to compel, and it appears that they have responded. *See* Dkt. 102-1 & Dkt. 102-2 (DOC defendants' November 2025 responses).

The court will largely deny plaintiff's request to compel. But it will require the UW defendants to supplement their response to plaintiff's Request for Production No. 8 to include their statement in briefing that they have not posted on social media or elsewhere online about plaintiff's claims.

Discovery remains open until March 13, 2026. Plaintiff may review all of the discovery he has received so far and submit any follow-up discovery requests to the appropriate defense counsel with that deadline in mind. If discovery disputes remain, he must make a prompt, good faith effort to meet and confer with defendants before filing a motion to compel. Should plaintiff file a motion to compel, he must include information about his attempts to meet and confer with defense counsel in compliance with Rule 37(a)(1).

### B. Request for sanctions, Dkt. 96

The court will not impose sanctions. The defendants' objections were not baseless, and plaintiff has not shown that he has been prejudiced by any delay. He has filed his materials in opposition to defendants' motions for summary judgment. Dkt. 87, Dkt. 98, Dkt. 99, Dkt. 100, Dkt. 101, & Dkt. 103. And, as noted above, discovery remains open, so plaintiff may submit follow-up requests to the appropriate defense counsel.

### ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel, Dkt. 69, is GRANTED as follows: Defendants Peter Moreno and Jennifer Fandel must supplement their responses to plaintiff's Request for Production No. 8 as described above in this order by January 27, 2026.

2. Plaintiff's request for sanctions, Dkt. 96, is DENIED.

Entered January 13, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge